THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| FRED L. BARRETT, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : CASE NO. 3:15-CV-86-CAR |
| CITY OF MONROE, GEORGIA, | : |
| | : |
| Defendant. | : |
| | : |

## ORDER ON DEFENDANT'S MOTIONS TO DISMISS

Plaintiff Fred L. Barrett, proceeding *pro se*, filed this 42 U.S.C. § 1983 action against the City of Monroe (the City) alleging claims for selective enforcement of the laws, in violation of the Equal Protection Clause of the Fourteenth Amendment; false arrest, in violation of the Fourth Amendment; and excessive fines, in violation of the Eighth Amendment. Currently before the Court is Defendant's Motion to Dismiss. The Court informed Plaintiff of the pending Motion to Dismiss, directed him to respond, and apprised him a failure to respond would result in the Court considering the Motion unopposed. Plaintiff did not file a response, and the Court deems the Motion unopposed. Upon review of the Motion, applicable law, and Amended Complaint, the Court **GRANTS** the Motion for failure to state a claim upon which relief may be granted [Doc. 12], and this case is hereby **DISMISSED**.

## BACKGROUND

For purposes of this Motion, the Court accepts all factual allegations in Plaintiff's Amended Complaint as true and construes them in the light most favorable to Plaintiff.

On the evening of September 12, 2014, Plaintiff, who was driving his son's pickup truck with a New Jersey license plate, was stopped by a City of Monroe police officer because his vehicle's license plate had a frame around it that made the plate's state of origin unrecognizable. Plaintiff, however, contends the license plate was clearly recognizable, and the officer's stated reason for the stop was merely pretext for stopping him due to his out-of-state license tag.

After being pulled over, the officer inquired whether Plaintiff had been drinking, and Plaintiff stated he had one beer earlier. The officer gave Plaintiff a breathalyzer test and asked him "over and over" if he had been smoking marijuana to which Plaintiff responded no.[1] The officer performed other field sobriety tests and asked Plaintiff about his bloodshot eyes. Plaintiff responded that he and his son had driven all day from New Jersey to celebrate his first wife's birthday, who resided at the nursing home in Monroe. Plaintiff offered to take a blood test, and the officer handcuffed and arrested him. The officer took Plaintiff to the local hospital where the alcohol blood test was performed. The officer then transported Plaintiff to the County jail where he was fingerprinted and

---

[1] Am. Compl., p. 2 [Doc. 5].

2

charged with DUI and failure to maintain lane. After several hours in the jail, Plaintiff was released.

Plaintiff states the breathalyzer and the blood tests "came back negative, with both being well under the .08 limit set by the state as being considered too intoxicated to drive."[2] Upon receiving the negative results, Plaintiff called the office of the Chief of Police and learned his fine was over $2,400. He met with Chief Keith Glass, offered to "gladly pay the lesser find for the improper lane change," and explained he needed to return to Arizona, so he would like resolve his charges before leaving Georgia.[3] After Chief Glass informed him the DUI charge would require a court appearance, Plaintiff asked the Chief to drop that charge in light of the test results. The Chief told Plaintiff he would "look into" the matter, but Plaintiff never received a call from him or his office.[4]

Plaintiff filed this lawsuit against the City of Monroe contending he was stopped and arrested without probable cause, the City selectively enforced the laws against him, and the City charged him an excessive fine. Defendant seeks dismissal of this suit for Plaintiff's failure to state a claim upon which relief may be granted.

## LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain

---

[2] *Id.* at p. 3.
[3] *Id.*
[4] *Id.*

statement of the claim showing that the pleader is entitled to relief."[5] Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[6] In the same vein, a complaint may not rest on "naked assertions devoid of further factual enhancement."[7] "Factual allegations must be enough to raise a right to relief above the speculative level."[8]

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint.[9] To avoid dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[10] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[12]

When determining the adequacy of the allegations in the complaint, the Court remains mindful that "*[p]ro se* pleadings are held to a less stringent standard than

---

[5] Fed. R. Civ. P. 8(a)(2).
[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).
[8] *Twombly*, 550 U.S. at 555.
[9] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).
[10] *Iqbal*, 556 U.S. at 678 (internal quotation omitted).
[11] *Id.*
[12] *Twombly*, 550 U.S. at 556.

4

pleadings drafted by attorneys and will, therefore, be liberally construed."[13] Nevertheless, "[e]ven with *pro se* litigants, 'conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts, will not prevent dismissal.'"[14]

## ANALYSIS

The City argues the Court must dismiss Plaintiff's selective enforcement and false arrest claims because Plaintiff fails to plead the elements required to hold a municipality liable under 42 U.S.C. § 1983. The Court agrees.

"In order to prevail in a civil rights action under [42 U.S.C.] § 1983, a plaintiff must make a prima facie showing of two elements: (1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law."[15] In addition, a plaintiff seeking to establish liability against a municipality must show the deprivation of his federal right was attributable to the enforcement of a municipal custom or policy.[16]

---

[13] *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).
[14] *United States v. Korman*, No. 07-80998-Civ., 2008 WL 5662165, at *3 (S.D. Fla. Nov. 5, 2008) (quoting *Aldana v. Del Monte Fresh Produce, N.A.*, 416 F.3d 1242, 1246 (11th Cir. 2005)).
[15] *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (internal quotation marks and citation omitted).
[16] Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978).

The Supreme Court "has placed strict limitations on municipal liability under [§] 1983."[17] A municipality is not liable under § 1983 on the basis of *respondeat superior*.[18] On the contrary, local governing bodies can be sued under § 1983 only where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the city's] officers."[19] Thus, in order to hold a county liable under § 1983, a plaintiff must show a county employee or policymaker committed the constitutional violation and did so pursuant to an official county policy or custom.[20] This requirement "is intended to distinguish the acts of the <u>municipality</u> from the acts of <u>employees</u> of the municipality, and thereby make clear that municipal liability is limited to action <u>for which the municipality is actually responsible</u>."[21] A policy or custom "can be either a written custom or policy, such as an ordinance, or an unwritten practice that is so widespread and 'so permanent and well settled as to constitute a custom or use with the force of law.'"[22]

Here, Plaintiff wholly fails to allege the City had a policy, practice, or custom of either selectively enforcing its laws against out-of-state drivers or falsely arresting

---

[17] *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003).
[18] *See Monell*, 436 U.S. at 691
[19] *Id.* at 690.
[20] *Id.* at 694; *Grech*, 335 F.3d at 1329.
[21] *Grech*, 335 F.3d at 1329 n. 5 (emphasis in original).
[22] *Flowers v. Patrick*, 869 F. Supp. 2d 1331, 1334-35 (M.D. Ala. 2012) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 117 (1988)).

drivers suspected of driving under the influence. In its Order allowing Plaintiff to recast his Complaint, this Court explained the elements necessary to state a municipal liability claim pursuant to § 1983. Plaintiff, however, fails to identify any custom or policy—official or unofficial—or any kind of pattern of selectively enforcing its laws or arresting drivers suspected of driving under the influence without probable cause. Plaintiff has not alleged any incidents of selective enforcement or false arrest other than his own. Plaintiff's single arrest cannot establish the City's custom or practice.[23] Thus, these claims must be dismissed.[24]

Moreover, Plaintiff's Eighth Amendment excessive fine claim must be dismissed because it is not ripe. "Challenges under the Excessive Fines Clause are . . . generally not ripe until the actual, or impending, imposition of the challenged fine."[25] Plaintiff only alleges that he was <u>informed</u> the fine for his DUI charge would be $2,400, not that he has pleaded guilty or been convicted of DUI and sentenced to pay $2,400. Thus, the challenged fine has not been imposed, Plaintiff's excessive fines claim is not ripe, and this claim must be dismissed.

---

[23] *See Grech*, 355 F.3d at 1330 n. 6.
[24] The Court notes Plaintiff's criminal proceedings for the underlying DUI and failure to maintain lane are still currently pending in Monroe Municipal Court. Although pending state-court criminal charges that are closely related to a plaintiff's federal civil claims may warrant abstention in the federal civil action pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), abstention is not necessary here because the proper grounds for dismissal—failure to adequately plead the City's liability pursuant to *Monell*—will not interfere the state court's resolution of plaintiff's criminal charges. *See Newsome v. Broward Cnty. Publ. Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008).
[25] *Cheffer v. Reno*, 55 F.3d 1517, 1523-24 (11th Cir. 2006).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the City's Motion to Dismiss [Doc. 12], and Plaintiff's Amended Complaint is hereby **DISMISSED**.

**SO ORDERED**, this 14th day of October, 2016.

S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT
